# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL JOHNSON** | **CIVIL ACTION** |
| **versus** | **NO. 12-974** |
| **N. BURL CAIN, WARDEN,** <br> **LOUISIANA STATE PENITENTIARY** | **SECTION: "E" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Earl Johnson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On August 26, 1993, he was convicted of first degree murder

under Louisiana law.¹ On October 6, 1993, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.² On May 8, 1996, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.³ On August 21, 1997, petitioner signed a related writ application for filing with the Louisiana Supreme Court.⁴ On March 20, 1998, the Louisiana Supreme Court denied that application.⁵

On or about August 24, 2002, petitioner filed an application for post-conviction relief with the state district court.⁶ It is unclear when, or if, the district court ruled on that application. However, on November 20, 2006, the Louisiana Fourth Circuit Court of Appeal denied relief on the basis that petitioner's post-conviction application was untimely and his claims were therefore

---

¹ State Rec., Vol. I of IV, minute entry dated August 26, 1993; State Rec,, Vol. I of IV, jury verdict form.

² State Rec., Vol. I of IV, minute entry dated October 6, 1993.

³ State v. Johnson, No. 94-KA-1208 (La. App. 4th Cir. May 8, 1996); State Rec., Vol. II of IV.

⁴ State Rec., Vol. II of IV, Application for Certiorari/Review, p. 4.

⁵ State *ex rel.* Johnson v. State, 715 So.2d 1201 (La. 1998) (No. 97-KH-2252); State Rec., Vol. II of IV.

⁶ State Rec., Vol. III of IV. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Here, that date cannot be gleaned with certainty from the record; however, in a subsequent related motion, petitioner stated that the original application was filed "on or about August 24, 2002." State Rec., Vol. III of IV, Motion to Supplement.

procedurally barred.[7] His related writ applications were then likewise denied by the Louisiana Supreme Court on February 6, 2004,[8] and the United States Supreme Court on June 21, 2004.[9]

Many years later in either 2009 or 2010, petitioner filed another application for post-conviction relief and a "Motion in Arrest of Judgment" with the state district court.[10] Apparently before the state district court judge ruled on those applications, petitioner filed a related writ application directly with the Louisiana Fourth Circuit Court of Appeal. The Court of Appeal then denied relief on February 4, 2010, holding that petitioner's applications were untimely.[11] The Louisiana Supreme Court also denied relief on April 1, 2011,[12] and further denied reconsideration of its judgment on June 3, 2011.[13]

---

[7] State v. Johnson, No. 2002-K-2037 (La. App. 4th Cir. Nov. 20, 2002); State Rec., Vol. III of IV.

[8] State ex rel. Johnson v. State, 865 So.2d 718 (La. 2004) (No. 2003-KH-0181); State Rec., Vol. III of IV.

[9] Johnson v. Louisiana, 542 U.S. 923 (2004); State Rec., Vol. I of IV.

[10] State Rec., Vol. IV of IV.

[11] State v. Johnson, No. 2010-K-0129 (La. App. 4th Cir. Feb. 4, 2010); State Rec., Vol. IV of IV. Apparently unaware of the Court of Appeal's ruling, the state district court judge subsequently denied relief on March 24, 2010. See Rec. Doc. 3, p. 98.

[12] State ex rel. Johnson v. State, 60 So.3d 1244 (La. 2011) (No. 2010-KH-0720).

[13] State ex rel. Johnson v. State, 63 So.3d 1012 (La. 2011) (No. 2010-KH-0720); State Rec., Vol. IV of IV.

On or after April 11, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[14] The state contends that the federal application is untimely.[15] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Clearly, Subsections B and C are inapplicable in the instant case, in that petitioner does not claim either the existence of a state-created impediment to filing or a newly-discovered

---

[14] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his application on April 11, 2012; therefore, it was obviously given to prison officials for mailing on or after that date.

[15] Rec. Doc. 12.

constitutional right.  Moreover, for the following reasons, it is clear that petitioner's federal application is untimely under both Subsections A and D.

28 U.S.C. § 2244(d)(1)(A)

As noted, under Subsection A, a petitioner must bring his federal *habeas corpus* claims within one (1) year of the date on which his underlying criminal judgment became "final." On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39.  As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In the instant case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence on May 8, 1996.[16] Under Louisiana law, he then had thirty days to file a writ application with the Louisiana Supreme Court to challenge that judgment. Louisiana Supreme Court Rule X, § 5(a). Because he filed no such application by that deadline, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on June 7, 1996. See Butler, 533 F.3d at 317-18. The federal limitations period then expired one year later on June 9, 1997,[17] unless that federal deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

During petitioner's one-year limitations period, he filed his writ application with the Louisiana Supreme Court in case number 97-KH-2252. However, that application, in which he sought review of the Court of Appeal's decision on direct review, was clearly untimely filed and therefore did not toll the federal limitations period for the following reasons.

---

[16] State v. Johnson, No. 94-KA-1208 (La. App. 4th Cir. May 8, 1996); State Rec., Vol. II of IV.

[17] Because June 7, 1997, fell on a Saturday, the federal limitations period was extended through the following Monday, June 9, 1997. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

As previously noted, federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). While that date cannot be gleaned with certainty from the state court record with respect to the Louisiana Supreme Court writ application, that application was signed by petitioner on August 21, 1997, more than two months after the thirty-day state filing deadline expired. Accordingly, because the application was obviously given to prison officials for mailing on or after that date of signing, that application was untimely even under the "mailbox rule." See, e.g., Jones v. Sumlin, Civ. Action No. 11-1520, 2011 WL 5509074, at *2 & n.19 (E.D. La. Oct. 19, 2011), adopted, 2011 WL 5508982 (E.D. La. Nov. 9, 2011); Titzer v. Cain, No. 07-4117, 2010 WL 4008351, at *4 n.23 (E.D. La. Aug. 10, 2010), adopted, 2010 WL 4000595 (E.D. La. Oct. 12, 2010); Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010).

The United States Fifth Circuit Court of Appeals has expressly and conclusively held that a petitioner is not entitled to any tolling credit under § 2244(d)(2) for an untimely direct-review filing. As the Fifth Circuit explained, "[u]nder that provision it is only state *post-conviction relief proceedings* that cause tolling." Butler, 533 F.3d at 318 (emphasis added). Because petitioner's untimely writ application was filed as part of the *direct review proceedings*, § 2244(d)(2) is simply inapplicable. Allen v. Tanner, Civ. Action Nos. 11-927 and 11-1601, 2011 WL 4344586, at *2 (E.D. La. Aug. 19, 2011), adopted, 2011 WL 4345081 (E.D. La. Sept. 15, 2011).

Because petitioner is not entitled to statutory tolling for the untimely Louisiana Supreme Court writ application, and because he filed no other applications in state court during the one-year limitations period, he clearly is not entitled to any statutory tolling under § 2244(d)(2).[18]

The Court next considers equitable tolling. The United States Supreme Court has held that AEDPA's limitations period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In that petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 9, 1997, in order to be

---

[18] The Court notes that petitioner subsequently filed state post-conviction applications. However, because those applications were filed *after* the expiration of the federal statute of limitations, they had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

timely under 28 U.S.C. § 2244(d)(1)(A). Because his federal application was not filed until on or after April 11, 2012, it is therefore untimely under that subsection.

### 28 U.S.C. § 2244(d)(1)(D)

Petitioner appears to argue that Subsection A is inapplicable because he is asserting a claim that the District Attorney withheld material evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny. The Court will broadly construe that contention as an argument that Subsection D applies.

As noted, Subsection D delays the commencement of the AEDPA's statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, even if Subsection D is applicable and petitioner is entitled to a delayed commencement of the AEDPA limitations period, his federal application is untimely because he still did not seek *habeas corpus* relief in a timely fashion.

Petitioner contends that his <u>Brady</u> claim was not discovered until October 26, 2011, when he obtained a copy of the District Attorney's file.[19] However, under Subsection D, petitioner's limitations period would run not from the date on which petitioner in fact obtained the District Attorney's file, but rather from the date on which he *could have obtained* that file through the exercise of due diligence.

It is evident that petitioner could have obtained the District Attorney's file many years earlier. In fact, under the Louisiana Public Records Law, a District Attorney's file is subject

---

[19] Rec. Doc. 3, pp. 26-27; Rec. Doc. 3-1, p. 140.

to disclosure as a public record once the underlying criminal litigation is "finally adjudicated or otherwise settled." La.Rev.Stat.Ann. § 44:3(A)(1). "In the context of § 3(A)(1), instituted criminal litigation is 'finally adjudicated' when the conviction becomes final ([La.C.Crim.P.] Art. 922) or is 'otherwise settled' either by dismissal or by nolle prosse of the formal accusation of the DA." Harrison v. Norris, 569 So.2d 585, 589 (La. App. 2d Cir. 1990) (emphasis omitted); see also Wallace v. Ware, 657 So.2d 734, 737 (La. App. 1st Cir. 1995) ("[A] criminal defendant cannot be denied access to his criminal files after his conviction becomes final."). The possibility that a convicted person may still seek post-conviction relief has no effect on § 3(A)(1). "Post conviction relief ... is not 'criminal litigation' within the meaning of the Public Records Act." Lemmon v. Connick, 590 So.2d 574, 575 (La. 1991) (per curiam).

Therefore, *at the latest*, petitioner could have used the Public Records Act to gain access to the evidence on which his claim is based as soon as his conviction became final on direct appeal, and so it is *at that point* that his limitations period commenced if Subsection D is applicable. See Ballay v. Louisiana, Civ. Action No. 06-10699, 2007 WL 4413990, at *4-5 (E.D. La. Dec. 13, 2007); Heard v. Cain, Civ. Action No. 06-3207, 2007 WL 763691, at *3 (E.D. La. Mar. 9, 2007).[20] As a result, Subsection D gains petitioner no additional delay of the commencement date than already otherwise provided under Subsection A. See Hunter v. Cain, Civ. Action No. 11-670, 2011

---

[20] The Court notes that prisoners are routinely denied the benefits of Subsection D for failure to timely utilize the Public Records Act. See Hunter v. Cain, Civ. Action No. 11-670, 2011 WL 5024355, at *3-4 (E.D. La. Sept. 23, 2011), adopted, 2011 WL 5023908 (E.D. La. Oct. 20, 2011); Diggins v. Cain, Civ. Action No. 06-6263, 2008 WL 4889801, at *3 (E.D. La. Oct. 22, 2008), adopted, 2008 WL 4909887 (E.D. La. Nov. 12, 2008); Ballay, 2007 WL 4413990, at *4-5; Heard, 2007 WL 763691, at *3.

WL 5024355, at *4 (E.D. La. Sept. 23, 2011), adopted, 2011 WL 5023908 (E.D. La. Oct. 20, 2011). Accordingly, even if § 2244(d)(1)(D) is applicable, petitioner's federal application would still be untimely for the reasons previously explained.

Out of an abundance of caution, the Court further notes that petitioner's federal application would be untimely even if commencement of the federal limitations period was delayed until October 26, 2001, the date on which petitioner *actually obtained* the District Attorney's file. After that date, petitioner allowed ten months to elapse untolled before seeking post-conviction relief in state court in August of 2002. Moreover, even after he sought state post-conviction relief, the time his application was pending elapsed untolled because the state courts ultimately dismissed that application as untimely. It is clear that no statutory tolling is available under 28 U.S.C. § 2244(d)(2) for an untimely state application. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."). Further, in any event, even after that state post-conviction application ceased to be pending upon the denial of relief by the Louisiana Supreme Court in 2004, *many additional years* thereafter elapsed untolled before petitioner again sought state or federal relief of any kind.

Because petitioner's federal application is untimely under either § 2244(d)(1)(A) or (D), and because § 2244(d)(1)(B) and (C) are clearly inapplicable, the undersigned finds that the application should be dismissed as untimely filed.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Earl Johnson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[21]

New Orleans, Louisiana, this twenty-fifth day of September, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　SALLY SHUSHAN
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[21] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.